GEORGE B. DARR v. IDA C. BERQUIST.

FILED FEBRUARY 6, 1902.  No. 10,881.

</div>

1. Petition: GENERAL DEMURRER: ERROR PROCEDURE: FAILURE OF DEFENDANT TO APPEAR. When a general demurrer to a petition has been sustained, and a review of the ruling thereon sought by error proceedings, and the party interposing the demurrer fails to appear in this court or point out the defects in the

petition relied on to sustain the demurrer, a searching examination and critical analysis will not be made in order to find a defect in the petition rendering it vulnerable to such demurrer.

2. **Tax Sale: General Revenue: Certificate.** A sale of real estate for delinquent taxes for general revenue purposes, made by a county treasurer, and the issuance of a tax-sale certificate therefor, raises a legal presumption that such taxes have been regularly and legally levied and assessed and the sale made in the manner provided by law·

3. **Petition.** Petition in the case at bar, examined and *held* to state a cause of action.

Error from the district court for Dawson county. Tried below before Sullivan, J.  *Reversed.*

*Henry D. Rhea,* for plaintiff in error.

*Warrington & Stewart, contra.*

Holcomb, J.

In an action begun in the lower court, a petition was filed with the object and for the purpose of foreclosing certain liens for delinquent taxes levied on real estate, which, it was claimed, the plaintiff had acquired by virtue of the purchase of such real estate at tax sale made by the county treasurer in pursuance of law, and the issuance by the treasurer to the plaintiff of tax-sale certificates therefor. To the petition there was filed a general demurrer by the defendant, which on consideration was sustained by the trial court; and the plaintiff electing to stand on his petition, judgment was entered against him dismissing his action and for costs.

To obtain a reversal of the judgment, plaintiff prosecutes error.  While we have a brief filed by counsel for plaintiff in error, the defendant in error has defaulted, having made no appearance in this court, nor are we in any way advised as to the grounds relied on to support defendant's contention that the petition is defective, and vulnerable to a general demurrer.  We regard it as the duty of the defendant in error to follow the case to this court, and point

out to it the defects in the petition relied on to sustain the demurrer, and, in the absence of any effort to aid us in that respect, we are not disposed to make a searching examination or critical analysis of the petition in order to find defects therein to defeat a party's right to recover on what appears on the surface to be a meritorious cause of action, and all of which is admitted to be true by the demurrer. As the cause is submitted to us, and the record being in the state in which we find this one, we will only make a reasonable examination of the petition and if therefrom it appears to state a cause of action, the judgment will be reversed and remanded for further proceedings. The petition of the plaintiff for a foreclosure of his tax liens alleges: (a) That the plaintiff purchased from the county treasurer at public tax sale the different tracts or parcels of land described therein, six in number, and that the lands were sold by the county treasurer for taxes duly levied and assessed and which at the time of the purchase were due, delinquent, and unpaid. (b) That there is due the plaintiff from the defendant the amount of taxes paid by him at said public sale for the real estate described, and that the treasurer then and there delivered to the plaintiff tax certificates (giving the numbers thereof) for the sale of said lands, in due form of law, and that said sale was conducted as prescribed by law. (c) That the plaintiff paid subsequent taxes, giving the amounts and dates thereof, and the total amount of all taxes paid for which a lien was claimed. (d) That the plaintiff had given notice as required by law of the expiration of the time for redemption. (e) That the defendant claims to be the owner of the real estate, but her ownership and interest, it is alleged, is subject to plaintiff's lien under said tax sales. (f) That no proceeding, at law or in equity, had been begun to recover the said taxes or any part thereof, nor had said taxes or any part thereof been paid, nor had said real estate been redeemed. (g) It is then stated in the petition what is denominated six different causes of action, in each paragraph of which is stated the amount due on one tax-sale

certificate, with the interest due thereon and the dates
thereof, and also the amount of subsequent taxes, with the
years for which paid and the amount of interest claimed
to be due thereon.

It is evident that the pleader in stating what is called a
first, second, and to a sixth cause of action, which are in as
many different numbered paragraphs, is attempting to
plead the amount paid for each tax-sale certificate evidenc-
ing the sum paid for each of the different tracts of land
when sold for delinquent taxes and the subsequent taxes
he had paid thereon. Then follows a prayer for an ac-
counting and that the sum found due may be decreed to be
a lien on the property, which it is prayed may be ordered
sold in satisfaction thereof, and for general equitable re-
lief. The petition, although quite indefinite and inartist-
ically drawn, states, in our judgment, a cause of action,
and entitles the plaintiff to some relief. The office of a
general demurrer is not to make a petition more definite
and certain, but goes to the question of whether any cause
of action is stated, or whether the plaintiff is entitled to
any relief. *People v. McCallum,* 1 Nebr., 182; *George v.
Edney,* 36 Nebr., 604.

The plaintiff has pleaded that he became the purchaser
of the real estate, describing it, for delinquent taxes, at a
public sale made by the county treasurer in the manner
provided by law on account of such delinquent taxes, and
that he received therefor and as evidence thereof certifi-
cates of such sales, signed by the county treasurer selling
such real estate. The tax-sale certificates are *prima facie*
evidence that the statutes in reference to the levy and as-
sessments of the taxes, and the sale for their non-payment,
have been complied with. Compiled Statutes, 1901, ch.
77, sec. 116; *Leavitt v. Bell,* 55 Nebr., 57; *Darr v. Wisner,*
63 Nebr., 305.

Therefore, when the plaintiff pleads the sale of the land
for delinquent taxes, and the issuance of a tax certificate,
the legal presumption follows that preceding that act
there had been a valid assessment and levy of such taxes,

and a sale of the real estate on which assessed, as provided by law. The amount paid by the plaintiff for the real estate so sold, as well as the subsequent taxes paid thereon, is stated with sufficient certainty to show there is something due him on account thereof, and for which he is entitled to some relief.

The ruling on the demurrer is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.