HARRY WALES, APPELLEE, v. MARTHA W. WARREN ET AL.,
APPELLANTS.

FILED NOVEMBER 19, 1902.   No. 12,654.

Commissioner's opinion, Department No. 3.

1. **City of the Second Class: CITY COUNCIL: TAXATION: EQUALIZATION: LEVY.** Subdivision 7 of section 52 of the act entitled "An act for the organization, government and powers of cities of the second class having more than five thousand inhabitants," approved March 1, 1883, makes provision for the sitting of the city council as a board of equalization in the assessment and levy of special taxes for paving and other special improvements.

2. **Tax-Sale Certificates: PRIMA FACIE EVIDENCE.** The tax-sale certificate and receipts for taxes and special assessments are prima-facie evidence of the validity of the taxes which they represent. *Ure v. Reichenberg,* 63 Nebr., 899.

3. **Charter of City: STREET RAILWAY: PAVING.** Where the charter of a city provides "that all street railway companies now existing, or hereafter organized therein, shall be required to pave or repave between, and to one foot beyond their outer rails, at their own cost," the city council has no authority to assess the adjoining lot owner with the cost of paving such part of the street.

APPEAL from the district court for Otoe county. Foreclosure. Tried below before JESSEN, J. Decree for plaintiffs. Defendants appeal. *Affirmed.*

*W. F. Moran* and *Edwin F. Warren,* for appellants.

*John C. Watson* (*Robert Ryan,* of counsel), *contra.*

DUFFIE, C.

This appeal is from a decree entered in the district court for Otoe county, foreclosing a mortgage and also tax liens upon property covered by the mortgage and other property. The appellee presents only the question of the validity of certain special taxes levied by Nebraska City for paving, curbing and guttering taxes. The principal point

insisted on by the appellants is that the charter governing
the city of Nebraska City contains no provision for a board
of equalization to equalize assessments, and it is insisted
that no valid tax can be assessed against the property of
the taxpayer without giving him an opportunity to be
heard before some equalizing board duly appointed by
law. We do not care to discuss this question. The rule
has undoubtedly been well established that the enforce-
ment of a tax levy is a mode of depriving the citizen of
his property; and where the assessment is not specific, and
imposed upon all persons equally, as in case of a poll or
occupation tax, it is necessary for its validity that the tax-
payer have due notice of the assessment, and the oppor-
tunity to be heard in opposition thereto, to the end that he
may not, in violation of constitutional guarantees, be de-
prived of his property without due process of law. In
*Gatch v. City of Des Moines,* 63 Ia., 718, and *County of
Santa Clara v. Southern P. R. Co.,* 18 Fed. Rep., 385, this
question has received exhaustive consideration, and leaves
no doubt that on both principle and authority this is the
only rule that can be sustained. Conceding this, we are
unable, however, to agree with the appellants that the char-
ter of Nebraska City does not provide a board for the
equalization of taxes. Subdivision 7 of section 52, article
2, chapter 14, of the Complied Statutes of 1899, makes ex-
press provision for the sitting of the city council as a board
of equalization, and the giving of four weeks' notice of such
sitting. There is no specific allegation in the answer filed
by the appellants that the city council failed to sit and
equalize the tax, and to give the proper notice of such ac-
tion. It is true that there are certain allegations in the
answer, in the way of general statements, that "there was
no proper or lawful session of the board of equalization,
held as required by law, by the city council of the city of
Nebraska City, to equalize the said levies and assessments
of taxes for paving, curbing and guttering taxes alleged
to be about to be levied, and which were thereafter
attempted to be levied for said purposes upon said

premises." But these allegations are mere legal conclusions and not the statement of any fact casting any doubt on the validity of the tax. The tax-sale certificate and receipts for taxes and special assessments, are prima-facie evidence of the validity of the taxes which they represent (*Ure v. Reichenberg,* 63 Nebr., 899) ; and this being so, the burden is on the party alleging the invalidity of the tax to point out in his pleading and establish by his proof the facts making the tax illegal. We do not wish to be understood as holding that a pleading in the general terms of the one under discussion would be insufficient to sustain a decree supported by sufficient evidence, and to the introduction of which no objection was made by the opposing party; but this is not the case under consideration. The evidence offered by the appellants falls far short of negativing the prima-facie case made in favor of the appellee when he offered his certificate of sale and receipts for taxes paid.

A further exception is taken to the levy of the tax in that it embraced the cost of paving one-half the street upon which the property abutted. There is a street railway in front of the property, and the charter of the city provides "that all street railway companies now existing or hereafter created, * * * shall be required to pave or repave between and to one (1) foot beyond their outer rails, * * * at their own cost."* Relating to this, it is sufficient to say that the court, by its decree, refused to allow a recovery for such portion of the tax as should have been paid by the street railway company. The appellants have suffered nothing from the action of the city council in this respect, the court having corrected the error complained of.

Appellants also insist that there was a provision in the mortgage allowing the mortgagee to pay taxes which had become delinquent upon the property, and to add the amount thus paid to the sum secured by the mortgage. This being the contract between the parties, the appellants insist that appellee had no right to purchase at tax sale,

* Compiled Statutes, 1899, ch. 14, art. 2, sec. 52, subdiv. 58.

and thus burden the property unnecessarily. A careful examination of the mortgage fails to disclose any stipulation of the kind referred to, and a discussion of the question, therefore, becomes unnecessary. The defendants have appealed from that part of the decree refusing to allow them for such portion of the paving taxes as should, under the charter, have been paid by the railway company. It is insisted that the requirement of the charter as to special taxes against the street railway is a rule prescribed for the government of the city council, and that it does not purport to exonerate from liability the property of adjacent property owners for the paving of a strip bounded by a line a foot outside of and parallel to the rails. As we view the question, the legislature, by imposing the duty upon the railway company to pay this tax, exempted the property owner from that duty; and it being a special burden imposed by statute against the railway company, no authority existed in the city council to impose it upon the lot adjacent; nor can the court, in the face of the charter, do more than the city council could lawfully do.

We recommend that the decree appealed from be in all things affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.