EQUITABLE LAND COMPANY, APPELLANT, V. BERNARD H. WILLIS ET AL., APPELLEES.

FILED MARCH 10, 1910.    No. 15,919.

Tax Sale: VALIDITY: REDEMPTION. Real property was sold at administrative sale for the taxes of the years 1892 to 1900, inclusive. In a suit to redeem it was shown that the land was not assessed for the years 1898 and 1899, being entirely omitted from the assessment rolls for those years. There was no assessment made or ordered to be made by the county board, nor by the county clerk. The land was entered upon the treasurer's tax list by interlinea-

tion, but neither the treasurer nor the county clerk knew, or could explain, how, by whom, or by what authority such entries were made. *Held*, That the sale of the land for taxes, including the two years, was without authority of law, and the land was subject to redemption by the owner of the legal title.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed with directions.*

*Hoagland & Hoagland,* for appellant.

*J. G. Beeler, contra.*

REESE, C. J.

This action was instituted in the district court for Lincoln county, the purpose of which was to redeem from a certain tax sale for the delinquent taxes of the years 1892 to 1900, inclusive, and to quiet the title to the south half of the northwest quarter and the west half of the southwest quarter of section 26, in township 16 north, of range 29 west, in Lincoln county. Plaintiff alleges, and has proved, a chain of title from the United States. Defendant relies upon the validity of a sale of the property for the taxes for the years above named, and shows a chain of title from the purchaser at such sale. A trial was had to the district court for Lincoln county, which resulted in a finding in favor of defendants and decree dismissing the petition. Plaintiff appeals.

Plaintiff has assigned and contends for a number of reasons why the tax deed issued by the county treasurer of Lincoln county on the 25th day of January, 1904, should be held invalid, but, as we view the case, it will be necessary to notice but one. As we have seen, the sale was for the delinquent taxes for the years 1892 to 1900, inclusive. The proofs show that the land was not assessed for either of the years 1898 or 1899, although it was included in the sale for the assumed taxes for those years. The returns of the assessor for the years named do not contain any reference to the lands, and they are wholly

omitted from the assessment roll. There is no record of any action by the county board in any capacity assessing or directing the assessment of the property, nor is there any showing that the county clerk took any action thereon. The numbers of the land, with the taxes extended, appear upon the county treasurer's tax list, but it is interlined in a handwriting shown not to be that of either the county clerk who made the tax list, nor in the handwriting of any one who had authority to place it there. The clerk and treasurer were both examined as witnesses upon that subject, and neither one could furnish any explanation as to how, by whom, or by what authority the entries were made. In the absence of evidence showing the irregularities or failure to comply with the law, the issuance of a treasurer's deed upon sale for taxes raises the presumption that all prior proceedings were regular and valid; that is, "that the property had been listed and assessed", and "that the taxes were levied according to law." Comp. St. 1901, ch. 77, art. I, sec. 130. The same provision is to be found in section 220 of the same chapter and article in the compilation of 1909, and the presumption is recognized in *Bryant v. Estabrook*, 16 Neb. 217; *Darr v. Berquist*, 63 Neb. 713; *Wales v. Warren*, 66 Neb. 455. This presumption is, however, only *prima facie*, and the failure to comply with the requirements of the law may be shown notwithstanding the presumption. In *Ure v. Reichenberg*, 63 Neb. 899, in discussing this question, we said: "If such defense (of irregularity) is interposed, the certificates and receipts of proper officers for subsequent taxes paid are sufficient *prima facie* evidence to support the plaintiff's claim, as the mortgage and receipts for subsequent taxes paid would be sufficient in an action of foreclosure thereon; but in either case such evidence is not conclusive. When the defendant has introduced evidence overcoming this presumption, the plaintiff must furnish other evidence. * * * The certificates and receipts are sufficient for that purpose if no other evidence is offered." It follows that the taxes for the years 1898

and 1899 were never legally assessed nor levied, and should not have been included in the sale, and for that reason the sale was invalid. *Gage v. Pumpelly,* 115 U. S. 454. Plaintiff has the right to redeem, and, upon such redemption being made, by the payment of all legal taxes, interest, penalties and costs thereon by reason of the taxes and the proceedings to collect them, to have its title quieted.

The decree of the district court is reversed and the cause is remanded to that court, with direction to enter a decree in accordance with this opinion.

.   REVERSED.