No. 11,425.

NEWTON, ET AL. v. CITY OF FORT COLLINS, ET AL.

Decided December 7, 1925.

Action to enjoin proceedings under a city ordinance to extend the waterworks system and issue bonds therefor. Judgment of dismissal.

*Affirmed.*

*On Application for Supersedeas.*

1. MUNICIPAL CORPORATIONS—*Home Rule—Powers.* The twentieth amendment to the  Constitution confers upon cities adopting charters under its provisions every power possessed by the legislature in granting charters.

2. *Waterworks—Powers.* A self-chartered city under the twentieth amendment has constitutional power to erect waterworks, and there is no constitutional provision requiring a vote of the electors for this purpose.

3. *Home rule—Legislation.* Provisions of a city charter adopted under the home rule amendment held to repeal state laws in conflict therewith on the question of its right to extend its water system and issue bonds therefor without a vote of the electors.

4. *Waterworks Bonds—Vote.* Under the provisions of its charter, adopted under the home rule amendment, no vote of the electors is necessary to authorize the issuance of waterworks bonds in the case of the city of Fort Collins, under consideration.

*Error to the District Court of Larimer County, Hon. Charles C. Butler, Judge.*

Mr. THOMAS J. WARREN, Mr. FRED W. STOW, for plaintiffs in error.

Mr. NEIL F. GRAHAM, Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

NEWTON and others, taxpayers of the city of Fort Collins, brought suit against that city and members of the city council to enjoin proceedings under an ordinance of the city to extend waterworks and issue bonds for that purpose. A demurrer to their amended complaint was sustained, they stood by their complaint and the cause was dismissed; they bring error.

The judgment was right. The court below rendered a written opinion with which we agree, and this opinion is scarcely more than an abstract of it.

The question is whether the said proceedings could be had without a vote of the tax-paying electors of the city. The proposition of the plaintiffs in error is that they could not, because subdivision 67 of section 8987, C. L., requires such a vote before waterworks may be erected, because the purpose of the ordinance is alleged to be to erect a new system rather than add to the old and because the twentieth constitutional amendment requires such vote.

The question before us may be divided for discussion into two parts, First, can the city erect waterworks without a vote of the tax-paying electors? Second, can the city issue bonds for such purpose without such vote?

On the first question: We have repeatedly held that the twentieth amendment conferred upon cities adopting charters every power possessed by the legislature in granting charters; therefore Fort Collins, a self-chartered city, has constitutional power to erect waterworks. There is no constitutional provision requiring a vote of the electors, or any of them, for this purpose; but the contention is that by section 2 of Article XX of the Fort Collins charter the erection of waterworks is forbidden until approved by the electors. That section is as follows: "The laws of the state of Colorado in force at the time this charter goes into effect in relation to cities of the second class shall apply

to and be the law applicable to Fort Collins in all respects, *except* in so far as they conflict with the provisions of this charter or amendments hereafter made hereto, or the ordinances of Fort Collins, enacted pursuant to the authority granted by this charter, and where so in conflict, and where existing ordinances or parts thereof are in conflict, the same are hereby repealed." The contention is that this was an adoption of paragraph 67 of section 8987, above mentioned; but if it was, any ordinance or part of the charter in conflict therewith would repeal it, and the ordinance at present in question, if in conflict therewith, repeals it. It is, therefore, inconsequential whether the ordinance is for the purpose of erecting or extending the waterworks of the city. Said section 2 of article XX of the charter is in pursuance of section 6 of the twentieth amendment—the so-called Home Rule Amendment to that amendment.

Upon the second question: The Constitution, article II, section 8, forbids municipal debts without a vote of electors, but excepts debts contracted for supplying water. The twentieth amendment, section 1, provides that a self-chartered city shall have certain powers including power to construct waterworks and that "it shall have power to issue bonds upon the vote of the taxpaying electors * * * in any amount necessary to carry out said powers or purposes as may by the charter be provided." It is claimed that this repeals the exception in said section 8 of article 11, and so requires a vote of electors even in case of water bonds. We do not assent to this claim.

The purpose of the twentieth amendment was to extend the power of cities, not to further restrictions, which would be the result if we should sustain this claim; but even if that be not so, later expressions of such purpose are in section 6, of the Home Rule Amendment: "It is the intention of this article to grant and confirm to the people of all municipalities coming within its provisions the full right of self-government in both local and municipal matters and the enumeration herein of certain powers shall not be construed to deny such cities and towns, and to the

people thereof, any right or power essential or proper to the full exercise of such right."

It is obvious that under this, a city may by charter choose what course it will take with reference to the issue of bonds. What does the charter say? Section 1 thereof provides as full powers as it is possible to express in language, including the following: "To exercise such powers as to conduce to the public welfare, happiness and prosperity of such city and its inhabitants." And "full power of local self-government," and, in section 2, "all other powers which, under the Constitution and laws of the state, it would have been competent for this charter specifically to enumerate."

Section 15 of article 19 provides "The indebtedness of the city shall be incurred and limited as provided in article 11, and any future amendment of the Constitution of the state of Colorado for the purposes specified by the laws of the state now in force or hereafter adopted." This is an adoption of article 11 which provides that no debt by loan shall be incurred by a city without a vote of the people, except for supplying the city with water. The necessary implication is that no vote of the electors is necessary for water bonds as in this case.

The supersedeas is denied and the judgment affirmed.

MR. JUSTICE CAMPBELL not participating.