## No. 12,138.

### WATSON, ET AL. *v.* CITY OF FORT COLLINS, ET AL.

Decided September 30, 1929.   Rehearing denied October 21, 1929.

Mr. FRED W. STOW, Mr. HERBERT A. ALPERT, for plaintiffs in error.

Mr. NEIL F. GRAHAM, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant, city of Fort Collins, was originally a municipal corporation, formed under our general municipal corporation statute. It is now what is commonly known in this state as a home rule city. It operates under a special charter, by the choice of its inhabitants, who elected to function as a municipality under the twentieth amendment to the state Constitution, which, among other things, confers upon municipalities that are organized thereunder, and which have adopted such a charter, every power possessed by our general assembly in granting charters generally. *Newton v. Fort Collins*, 78 Colo. 380, 241 Pac. 114. Acting under this special charter, so authorizing, the city created an improvement district and authorized the concrete paving of certain streets therein, including Whedbee street.

The plaintiff Watson and his coplaintiffs are the owners of city lots fronting on that part of Whedbee street on which was constructed, and which is now occupied by, the tracks and equipment of the municipal street railway, the property of the city which was acquired before the creating ordinance was enacted. The city now operates this system as a carrier of passengers for hire. The cost of paving this strip occupied by the street railway, about 9 feet in width, in the center of Whedbee street, was assessed by the city against and upon the plaintiffs and their respective abutting properties, in an amount based upon the frontage of their lots, and an additional sum amounting to the cost of paving this central strip occupied by the street railway 9 feet wide and at street intersections. There is no complaint here by the plaintiffs that the amount of the assessment on a frontage basis is improper, but their grievance is that, inasmuch as the amount of such assessment is limited by the special benefits which the abutting owners receive by reason of the improvement, an additional amount equal to the costs of paving this strip occupied by the city's municipal street railway, is unlawful, because such benefit accrues to its owner and not to plaintiffs.

The city charter provides that the procedure and regulations respecting public improvements and the amount of costs thereof are within the power of the city council. It also provides that the laws of the state of Colorado in force at the time the charter goes into effect, in relation to cities of the second class, shall apply to Fort Collins in all respects except as to certain matters that are not here important. Section 1 of the pertinent general ordinance of 1921, which relates to improvement districts, provides that the city council may order local improvements like street paving, and may assess the cost wholly or in part upon the properties especially benefitted. Section 7 of this ordinance provides that the cost of a street improvement, except as otherwise provided in the ordinance itself, and except at the intersection of

streets and alleys, and the share to be paid by street and other railway companies, shall be assessed upon the lots and lands abutting on the street improved in proportion as the frontage of each lot or tract of land is to the frontage of all the lots and lands so improved. Upon the completion of any local improvement and acceptance of the same by the city council, the city engineer is required to prepare a statement showing the whole cost of the improvement. Thereupon the city clerk by advertisement for ten days in some official newspaper published in the city must notify the owners of the real estate to be assessed and all persons interested generally, that the improvements have been completed and accepted and this notice must specify the whole cost of the improvement and the share so apportioned to each lot or tract of land or person, and that any complaint or objection that may be made in writing by the persons interested must be filed with the city clerk within thirty days from the first publication of the notice, and the same will be heard and determined by the city council at its first regular meeting after the expiration of the thirty days before the passage of any ordinance assessing the cost of the improvement. Another section provides that after the time designated the city council shall sit as a board of equalization and hear and determine all such complaints and objections and may confirm the apportionment or make modifications which seem equitable and just.

The parties are in accord that the main and controlling issues in this case are, and the argument is confined solely to them: First, Did the plaintiffs in error make their written objection and protest to the assessment in ample time? Second, Should the plaintiffs in error, being abutting property owners, be relieved from that portion of the assessment against their property made on account of the paving of the 9 foot strip occupied by the street railway, and at street intersections? These in their order.

The city council caused to be published in April, 1927, a preliminary notice by the city clerk, addressed to the owners of property to be assessed for this improvement, that the city council would at a stated time and place consider the ordering or creating by ordinance of the proposed district, and would then hear all complaints or objections that might be made in writing concerning the same by the owners of the property to be assessed, or by any person interested. No complaint or objection was made by the plaintiffs in error in this action, or by any other person, and thereupon the city proceeded to, and did, create the improvement district. Thereafter the city proceeded to pave the street in question and after completion of the same and in January, 1928, caused another notice to be published by the city clerk which states that the work of paving was completed, and the cost thereof, and the amount of the respective assessments to be made on the property within the improvement district, and fixed by the notice a time and place for hearing objections to the assessing ordinance by the owners of the property affected. Within the time thus fixed certain abutting owners, including these plaintiffs, filed their written complaint and objection to the cost of the assessment, particularly objecting to paying any share or part of the cost of paving the 9 foot strip of land in Whedbee street, or at street intersections. The city council, sitting as a board of equalization, overruled the objection in its entirety, and thereupon adopted the assessing ordinance, over objections of plaintiffs in error, which include the matters of which they now complain in this action.

█ █ 1. There is nothing in the point urged by the city attorney that no objection was made in response to the first, or preliminary, notice, that the city proposed to create an improvement district. Plaintiffs have not made, and are not now interposing, objection to the creation of the district, but only as to the amount of the assessments upon their properties which include

costs of paving the railway right of way in the center of the street and at street intersections. In *Ellis v. La Salle,* 72 Colo. 244, 247, 211 Pac. 104, we said: ''The purpose [of the statute] in requiring the city council to enter this preliminary order and the city clerk to give the preliminary notice, is to permit persons thereby affected to object, if they see fit, to the proposed improvement being made at all, and to settle, in the inception of the enterprise, the regularity of the preliminary steps antecedent to the passage of the ordinance authorizing the proposed improvement.'' There was no necessity for these plaintiffs in error, in response to the preliminary notice, to object to the cost of the assessments against them. By failing to respond to the first notice, or to object to the creating of the district they, of course, waived their right in this action, and they do not now assert any such right, to be heard upon any supposed objection they might have to the creation of the proposed improvement. Plaintiffs, however, did in apt time, as it is admitted, file written objections to the cost of the assessments, which objection they could not urge until after the assessments were made, long after the first preliminary notice was given.

2. We pass now to the main and only important question in the case raised by the second objection urged upon this review. Plaintiffs filed their written protest and objections within the time specified in the second notice, which the city caused to be published, which stated that at a certain time and place the city council would consider the grounds of objections to the cost of the assessments made upon the respective properties. These properties were assessed for the paving of the 9 foot strip of the street, and the street intersections occupied by the street railway, as already stated, a sum in addition to the cost of the paving of the remaining parts of the street on which their lots abutted.

The city of Fort Collins, in operating a public utility such as a street railway, is acting, not in its

municipal capacity, but as a private individual or company would be. That is to say, the city in operating a street railway acts in its proprietary or private capacity. *Larimer Co. v. City of Fort Collins,* 68 Colo. 364, 189 Pac. 929; *Nahant v. U. S.,* 136 Fed. 273, 69 L. R. A. 723; Dillon on Municipal Corporations (4th Ed.) §§66, 67; 43 C. J., p. 431, §564, p. 183, §180.

The theory upon which property abutting upon a city street may be required to pay the costs of improving or paving the same is that the property is especially benefitted in addition to the benefits received by the public at large, to the extent of the amount of the assessments imposed upon it; that is, such special benefits are in addition to the benefits received by the public generally. A well considered case on this point is *Federal Construction Co. v. Ensign,* 59 Cal. App. 200, 210 Pac. 536. See also *County Commissioners v. Colorado Springs,* 66 Colo. 111, 180 Pac. 301.

The city of Fort Collins owns the fee of Whedbee street, and also the right of way of the railway company, which system, in its private capacity, it owns and operates. The city as such owner is just as much benefitted by the paving of this street and upon the same principle, and for the same reason, as are the owners of property abutting upon the street. There was a special benefit to Fort Collins, which owned the railway system, by the paving of this right of way and fee, and there was not a special benefit thereby to the property of the abutting owners. *Oklahoma Ry. Co. v. Severns Pav. Co.,* 251 U. S. 104, 40 Sup. Ct. 73; *City of Shreveport v. Prescott,* 51 La. Ann. 1895, 26 So. 664, 46 L. R. A. 193; *Wales v. Warren,* 66 Neb. 455, 92 N. W. 590; *Scammon v. Chicago,* 42 Ill. 192; *Newberry v. Detroit,* 164 Mich. 410, 129 N. W. 699, 32 L. R. A. (N. S.) 303; 43 C. J., p. 195, §191; Dillon on Munic. Corps. (5th Ed.), Vol. 4, §1452; *Post Print. & Pub. Co. v. Denver,* 68 Colo. 50, 189 Pac. 39.

The city attorney lays stress upon the fact that

before this assessing ordinance was passed, or the improvement district created, the city had acquired the ownership of this street railway system, and that the ordinance of the city of Fort Collins, in reference to this improvement district, made no provision for the payment by the city of the costs of paving this strip of land in the center of the street, occupied by its municipally owned street railway, and it does not come within the provisions of the assessing ordinance; in other words, that the city did not specifically assess itself for the cost of paving this strip of land. The city also says that the pertinent charter provisions and ordinances concerning improvement districts impose on abutting owners the cost of street paving except the intersection of streets and alleys, and the share to be paid by street or other railway companies, for the space occupied by their right of way, and that because of the use of the expression "street or other railway companies" the city is not obliged to pay the cost of the paving of this strip of land in the center of the street because the city is not a railway company.

That may be literally, in one sense, true, but since the city ordinance says that in case of improvements of any street, the cost of paving the space occupied by street or other railway companies, shall not be assessed upon the abutting owners, it is not important in this case, nor is it necessary to determine, how the cost thereof, or by whom the same shall be assessed or paid. At all events, the costs of paving this strip in the center of the street and at the street intersections, occupied by the municipally owned railway, cannot be assessed against the abutting land owners, either in whole or in part. As already stated, the value of this strip of land is increased in value in the same sense that the value of the abutting lots is increased. The abutting land owners are taxed to the extent of this especial benefit on a frontage basis, and any tax in addition thereto is invalid. From what source, or from what fund, the city shall resort to for

the payment of this tax it is unnecessary for this court to determine. That is a matter for determination, in the first instance, by the city. What we decide here is that the abutting land owners, plaintiffs in this action, may not be assessed, in whole or in part, for the cost of the paving of this 9 foot strip of land in the center of the street along which the municipal street railway extends, or for the paving at the street intersections.

The judgment of the district court is therefore reversed, and the cause is remanded with instructions to omit from the assessments against the lots of the plaintiffs in error any part of the cost of paving this railroad right of way or at street intersections. Judgment reversed and cause remanded with instructions to the district court to revise the assessments made by the city upon the lots of the plaintiffs in error in conformity with the views herein expressed.