No. 13,035.

PEOPLE EX REL. MCQUAID *v.* PICKENS.

(12 P. [2d] 349)

Decided May 31, 1932.

Mr. VANCE R. DITTMAN, JR., Mr. WILLIAM ATHA MASON, Mr. LOWELL D. HUNT, Mr. JEAN S. BREITENSTEIN, for plaintiff in error.

Mr. JAMES D. PARRIOTT, Mr. FREDERICK P. CRANSTON, Mr. ROY C. HECOX, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as McQuaid, defendant in error as Pickens, and the City and County of Denver as Denver.

Pickens was acting as municipal judge of Denver and McQuaid, claiming there was neither such office nor such

officer, brought quo warranto to oust him. Judgment was for Pickens and McQuaid brings error.

Pickens claims under an ordinance. There is no present charter provision creating the office. If there were, that it would be valid is undisputed.

Amendment XX of our State Constitution, adopted in 1902, created the present municipality of Denver, made it a "Home Rule City," authorized its adoption of a charter as such, and granted it all authority over local and municipal matters which the General Assembly could confer. *City of Denver v. Hallett,* 34 Colo. 393, 398, 83 Pac. 1066. Section 2 thereof provides that the officers of Denver, their method of selection, jurisdiction, terms, duties and qualifications shall be *as provided in the charter.*

Section 6 of article XX was amended in 1912. It extends the privileges of the article to all cities and towns of the state having a population of 2,000, authorizing them to adopt charters and organize as home-rule cities. It confers upon such a city or town all the powers set out in sections 1, 4 and 5, but says nothing about section 2. It further confers upon it all the "powers necessary, requisite or proper for the government and administration of its local and municipal matters, including power to *legislate upon,* provide, regulate, conduct and control:

"a. The creation and terms of municipal officers, agencies and employments; the definition, regulation and alteration of the powers, duties, qualifications and terms or tenure of all municipal officers, agents and employes;

"b. The creation of police courts; the definition and regulation of the jurisdiction, powers and duties thereof, and the election or appointment of police magistrates therefor;

"c. The creation of municipal courts; the definition and regulation of the jurisdiction, powers and duties thereof, and the election or appointment of the officers thereof;

\*      \*      \*

"h. The imposition, enforcement and collection of fines and penalties for the violation of any of the provisions of the charter, or of any ordinance adopted in pursuance of the charter."

And finally concludes: "The provisions of this section 6 shall apply to the City and County of Denver. This article shall be in all respects self-executing."

Section 209 of the present Denver charter (as amended in 1916) vests *all legislative power* of the city in a board of councilmen.

Ordinance No. 87 of 1931, adopted by the board of councilmen, creates the court over which Pickens presides, gives it jurisdiction over "all cases arising under the ordinances of the City and County of Denver," provides for the appointment, by the mayor, of a judge thereof, and fixes his term. July 11, 1931, Pickens was so appointed, qualified, and entered upon the discharge of his duties as municipal judge.

The Denver charter provides for the appointment by the mayor of two justices of the peace, one of whom shall be designated by him to perform the duties of police magistrate. This, it is contended, negatives the power of the council to create a municipal court. But no exclusive jurisdiction is conferred by the charter and the power to so appoint and designate justices rests upon the same constitutional grant as the power to create the office here in dispute. The simple question then is, Must a municipal court be established by charter provision, or may it be done by ordinance?

It is contended that section 2 of article XX should be applied and limited to Denver, and that portion of section 6 which appears to conflict therewith be applied and limited to other home-rule cities, and thus the two sections be reconciled and each be given full force and effect. This interpretation, if otherwise available, is forbidden by the last quoted clause of said section 6 which expressly applies all that section, not part of it, to Denver.

It is argued that the interpretation of section 6

which would permit the creation of a municipal court by ordinance would permit all other municipal functions to be exercised in the same way. The first answer to that proposition is that as a general rule the powers vested in home-rule cities, not specifically limited by constitution or charter, may be exercised through their legislative authority. *Newton v. City of Fort Collins,* 78 Colo. 380, 241 Pac. 1114.

The second answer is that some of the powers conferred by said section 6 must certainly be exercised by charter, such as the designation of those officers "who shall respectively perform the acts and duties required of county officers to be done by the constitution or by the general law." Others as certainly may be exercised by ordinance, such as "imposition, enforcement and collection of fines and penalties for the violation of any of the provisions of the charter, or of any ordinance." What discharge of municipal functions falls in one class and what in the other we are not here called upon to say. The question may sometimes be answered by the Constitution, sometimes by the charter itself.

We see no escape from the application of section 6 of article XX of the state Constitution to Denver save by ignoring its unequivocal command, and no escape from the conclusion that a municipal court may be created by ordinance save in a decision whose practical effect will be to limit the city to legislation by charter enactments.

The judgment is accordingly affirmed.