No. 15,276.

LAVERTY *v.* STRAUB ET AL.

(134 P. [2d] 208)

Decided January 25, 1943. Rehearing denied February 15, 1943.

312

Mr. RALPH J. CUMMINGS, Mr. I. L. QUIAT, Mr. MERRITT D. VONDY, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. GLENN G. SAUNDERS, Mr. WAYNE D. WILLIAMS, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as Laverty, is a member and president of the city council of the City and County of Denver. Defendants in error, hereinafter referred to as the council, or defendants, are the other members thereof. The question before us is the authority of the council to try and expel Laverty.

November 16, 1942, defendants passed a resolution reciting that Laverty "is said to have been convicted of a crime in the district court of the second judicial district of the State of Colorado," that the council deemed it expedient that he "should be brought to trial as to his right and fitness to continue to hold the presidency of this council and as to his right and fitness to continue to be a member thereof," and setting November 20, following, as the date of such trial. This resolution was

signed by defendants and duly attested. November 19, Laverty filed an action in injunction to restrain defendants from proceeding accordingly. A temporary restraining order was issued. Defendants moved to dismiss and on November 28, that motion was sustained. To review the judgment entered accordingly Laverty prosecutes this writ and asks that it be made a supersedeas. By agreement of counsel it was ordered that final judgment be entered on the application for the writ. The cause was accordingly briefed and argued orally and submitted.

The brief of counsel for Laverty opens with an admission that he was recently convicted by the district court of the City and County of Denver of the crime of "receiving stolen goods." The argument then begins with the following statement: "While the complaint raised many questions, we have determined to abandon all questions of procedure concerning the introduction and passage of the resolution, and rely only upon the proposition that the council does not have the authority any longer to try or expel the plaintiff. To this, the city attorney has agreed." The cause was so argued. This then is the sole question for our determination and would in any event be the underlying and fundamental question in the cause.

 Denver is a home rule city organized under Amendment Twenty to our Constitution whereby there is conferred upon it all power in local and municipal matters which the legislature could grant. *Watson v. Fort Collins,* 86 Colo. 305, 281 Pac. 355; *Londoner v. Denver,* 52 Colo. 15, 119 Pac. 156. Unless otherwise limited these powers may be exercised through the legislative department of the city. *People v. Pickens,* 91 Colo. 109, 12 P. (2d) 349.

It is undisputed that the power here sought to be exercised deals with a purely local and municipal matter and that its exercise otherwise than by the city council is not limited by Constitution or charter.

■ The power to remove a member or officer of a legislative body is a legislative power. *In re Speakership,* 15 Colo. 520, 530, 25 Pac. 707. Hence the council has power to remove a member and, since the greater includes the less, has the power to remove its president.

As a precautionary measure we again observe that this is the sole question before us. Its resolution has no relation to the proper method to be followed, the sufficiency of charges, the requisite notice, or other collateral questions. Ample relief is available to Laverty from prejudicial error, if any, committed in relation thereto. *Board of Aldermen of Denver v. Darrow,* 13 Colo. 460, 22 Pac. 784.

The judgment is affirmed.

MR. JUSTICE HILLIARD dissents.

MR. JUSTICE HILLIARD dissenting.

Plaintiff in error is a member of the council, the legislative agency of the City and County of Denver. Defendants in error are the other members of the council, which is composed of nine members elected from districts designated by number. Plaintiff in error is councilman from district No. 8, whence he was elected by the voters of that district, as were the other eight councilmen from their several districts, and is president of the council in virtue of choice thereto by the other members.

Defendants in error, proceeding by resolution presented, introduced and passed November 16, 1942, charged that plaintiff in error "is said" to have been convicted of a crime in the district court of Denver, premised whereon the council resolved that plaintiff in error "shall be brought to trial before this council for the purpose of determining his right and fitness to continue to be president of the council and also for the purpose of determining his right and fitness to continue to be a member of this council." By the same resolution defendants in error fixed November 20, 1942, at ten o'clock in the forenoon, as the time of plaintiff in error's "trial."

Plaintiff in error, proceeding November 19, 1942, sued to enjoin the contemplated trial by the council, contending that the body was without authority or power to proceed as indicated, setting forth at length his alleged reasons. As to the charge made against him by defendants in error, plaintiff in error, emphasizing that no claim is made that he has been guilty of malfeasance in office or other misconduct affecting the performance of his duties as a councilman or has been convicted of any offense against the City and County of Denver of a character directly affecting its rights or interests, admits that recently in the district court of Denver, he was convicted of the crime of "receiving stolen goods," but that said conviction not only is not final—not gainsaid by defendants in error in their charge against him—but that he has taken the requisite steps to have the case in which he was so convicted reviewed, and intends to prosecute such review to conclusion.

The charge considered, Does the council presently have power to bring plaintiff in error to trial as to his right and fitness to continue to hold the presidency of this council and as to his right and fitness to continue to be a member thereof? When it is noted that the council does not allege plaintiff in error has violated any law or ordinance, or otherwise offended the proprieties, but only that it "is said" he was convicted of a crime, in relation to which the record otherwise shows that plaintiff in error, advised and guided by reputable and capable counsel in the matter, believes material error intervened in the course of the trial, and has taken timely steps looking to review on error, I do not believe that pending determination on that writ the council has power to proceed as threatened. If the review shall terminate in affirmance of the judgment, all that the council contemplates will result as a matter of law; but if on such review error shall be pronounced, then any adverse action by the council not only will be without premise, but will do plaintiff in error irreparable in-

jury. By every procedural rule of justice, as well as in every conception of fairness, plaintiff in error, proceeding by writ of constitutional judicial tribunals in defense of his challenged honor, is entitled to have the council "kept off his back" while he wages battle. It should be emphasized again that the council does not prefer charges on its own responsibility. It simply states that "it is said" plaintiff in error has been convicted of a crime, and directs its judiciary committee to prepare to establish the fact of such conviction—nothing more. If, when the council first entered upon its threatened action, it did not know plaintiff in error was preparing to have review of the judgment of conviction, not conceivable, it was formally apprised thereof when plaintiff in error filed his injunctive suit, as the record discloses. Why advised authority permitted the council to remain in ignorance of that important fact and failed to suggest pause, is not understandable, and why this court, even better advised, does not say to the council that the sun will not have gone down on plaintiff in error's "day in court" until he shall have exhausted all proper judicial steps he elects to invoke, is more mystifying. Only yesterday, as it were, plaintiff in error was chosen by the people of his district to be their councilman, precisely as were his brethren from their districts, and in the afternoon of "yesterday" these same brethren, freely acting, chose plaintiff in error as president of the council. Suddenly, this chosen one of his district and confidant of his eight associates was charged with crime. Despite his denials and the contentions of his attorneys at nisi, he was adjudged guilty. Protesting his innocence notwithstanding, and advised by counsel learned in the law that error obtained at his trial, plaintiff in error, invoking a writ that is sacred in common-law jurisprudence, and exercising the right of every man suffering conviction in a trial court, is proceeding orderly for review at the hands of a tribunal constitutionally created to pass upon his challenges. Whatever the final outcome of judicial

action, until the court of final jurisdiction, to which plaintiff in error has elected to resort, shall have ruled adversely, it is not the law that formal burdens of major importance, as threatened by the council, predicated on conviction in a court of first instance, and only that, as here, may be visited on the unhappy citizen involved in the prosecution. Even the trial court, proceeding as is becoming in the premises, conscious of no error, and believing there was none, as its rulings make manifest, in recognition of the constitutional right of plaintiff in error to enjoy review thereof, has stayed its judgment pending such presentation. Still, the council, acting on the identical judgment that for the time being the court has made inactive, is solemnly adjudged here to have power, acting meanwhile, to remove plaintiff in error from a public office to which he was popularly chosen. In short, pending our consideration of plaintiff in error's challenge to the stayed judgment, the council, employing that judgment as its authority, may rend plaintiff in error at will. Rarer inconsistency is not of recent pronouncement.

Other than the Speakership Matter, 15 Colo. 520, 25 Pac. 707, clearly distinguishable, as I shall emphasize, the cases cited in the court opinion, as I respectfully suggest, are without application. In the Speakership Matter, the house of representatives, having previously elected one of its members as speaker, subsequently proceeding by simple motion, without charges, declared the speakership vacant. Immediately following that action another member was chosen speaker. Both claimed the office, and the Governor, perplexed, asked the court if the duly elected, qualified and acting speaker of the house is subject to removal by the house, and which of the claimants was speaker. The court answered that the house was authorized to act in manner as undertaken, and that the member elected speaker after the speakership had been declared vacant, was entitled to the office. Here, not assuming to act other than on a judgment

judicially in abeyance, the council threatens to expel plaintiff in error from membership in the body, a question not involved in the speakership case, while instead of predicating action on its own authority, as did the house of representatives in the speakership controversy, bases its right to remove its president on an extraneous potential. predicate. The house simply elects one of its members as speaker, neither it nor the law fixing the term, while as to the presidency of the council a term of one year is fixed. The court opinion does not give consideration to the evident essential distinction.

On the question of the authority of the council, generally, to expel members and remove presidents, to which the court undertakes to address itself, the answer is that the record does not comprehend that problem, nor is it conceivable that such a question will ever be presented for judicial solution. Courts, if well advised, as I perceive, do not indulge in academic discussion of hypothetical problems, but, rather, are careful to keep within the factual limits of the record. What defendants in error have set forth as the basis of their threatened action against plaintiff in error is the measure of their justification. What they say, and all they say, is that it "is said" plaintiff in error has been convicted of a crime, concerning which the record otherwise shows that judgment thereon has been stayed, and the case is being progressed for review.

Considering that the court does not order—only permits—defendants in error to proceed against their fellow member, a final thought is that it will be surprising if the eight other members of the council, acting on promptings of justice and fair play, do not find it consistent to stay their own hands while the court wrestles with the problem involved. If, on the other hand, defendants in error shall proceed adversely to plaintiff in error on a judgment that is not final, the onus probandi of the hurried and unseemly act will rest upon them. Otherwise, orderly conception of official duties observed,

the controversy having origin there, the court's responsibility in the premises need not be shared. If defendants in error will exercise reasonable patience, which might well be counseled, the burden will come to rest where it belongs. Dividends realized from tempered exercise of power are comforting beyond the appreciation of many men.