No. 20719.

TOWN OF FORT LUPTON, ET AL., *v.*
UNION PACIFIC RAILROAD COMPANY.
(399 P.2d 248)

Decided February 8, 1965. Rehearing denied March 8, 1965.

R. Paul Brown, Myles P. Tallmadge, Robert C. Tallmadge, William O. Lamm, for plaintiffs in error.

Knowles and Knowles, James F. Culver, for defendants in error.

*In Department.*

Opinion by Mr. Justice Day.

We will refer to plaintiffs in error collectively as the City and to defendant in error as the Railroad.

Trial was to the court on a stipulated set of facts.

The Board of Trustees of the City adopted a resolution creating a street improvement district in Fort Lupton. They acted upon the petition of certain property owners who sought curbs, gutters and pavement for streets fronting on their property. The Railroad was not among the petitioners. Upon learning of the inclusion of railroad property in the improvement district, the Railroad filed a protest with the Board of Trustees.

The Board held a hearing on the Railroad's objection, and thereafter denied the protest. It then adopted the necessary ordinances establishing the district and financing the improvements. At the time of the trial, the improvements had been made.

Notice of the assessments was sent to the respective property owners. The Railroad thereafter made timely objection to the assessment on its property. When its objection was rejected, the Railroad then brought an action in the District Court to enjoin the City from enforcing or collecting upon the assessment. The court granted the injunction. It is to that restraining order that this writ of error is directed.

In granting the injunction, the trial court entered findings of fact and conclusions of law. In finding No. 4 it held: "That the improvement made to Pacific Avenue by reason of Special Improvement District No. 1 is of no present benefit to Plaintiff's (Railroad) property, and that an assessment against its property for any part of the cost of such an improvement is therefore contrary to law."

The court stated in its finding No. 4: "That Plaintiff (Railroad) is not guilty of laches and is not barred by law from maintaining the within action."

 That a special assessment will not lie against property unless the improvement creates a *special benefit* to that property is well settled in Colorado. See *Pomroy v. Pueblo,* 55 Colo. 476, 136 Pac. 78; *Watson v. Fort Collins,* 86 Colo. 305, 281 Pac. 355; *Denver v. Greenspoon.* 140 Colo. 402, 344 P.2d 679. The City relies on C.R.S. '53, 89-2-18, which provides that the adoption of an ordinance assessing costs of improvements is prima facie evidence that the property is specially benefited. Granting the City the benefit of that statute and putting upon the property owner the burden of showing that the property assessed was not benefited, the trial court specifically found that no benefit inured to the Railroad. As there is ample evidence in the record to support the court's findings we cannot disturb such determination on review.

There is pertinent evidence in the record that the Railroad's operations are carried on on the west side of the main track, and that the streets on that frontage have been improved. The street involved in this improvement district is to the east of the Railroad and provides no additional access for customer traffic. Evidence was also introduced that there has been no increase in revenues resulting to the Railroad after the improvements were installed. The engineer's testimony was that the new curbing installed had prevented drainage from railroad

property and caused water to be impounded thereon. There was further testimony that from an engineering standpoint the improvements could provide no physical benefit to the Railroad's property.

It is contended by the City that the Railroad is guilty of laches in permitting the improvement to be completed and then protesting the assessment. If there is validity to this argument, it should be addressed to the legislature and not to the judiciary. The statute provides for just such procedure as was timely followed by the Railroad, and it has been the statutory procedure since 1923. The bringing of an action after the assessment had been levied was not only upheld in *Watson v. Fort Collins,* supra, but it was noted in that decision that the only time objection to an assessment can be made is after the apportionment among the property owners has been determined and the assessment made by a city. The Railroad in this case did more than the statutes require when it made its position known before the district was formed and the improvement bonds sold. The trial court was correct in holding that the Railroad was not guilty of laches or estoppel.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE MCWILLIAMS concur.