[No. 5482.]
[No. 3152 C. A.]

## Manitou and Pike's Peak Railway Company v. Harris.

1.  **Appeals—Brief—**It seems that the court will consider only such questions as are presented in the brief of appellant. —(187)

2.  **Conveyances, Relation—**A patent for lands relates back to the entry upon which it is founded, and affords an action for an intermediate trespass.—(187)

3.  **Measure of Damages—Destruction of Trees—**Land owner whose trees are killed by fire is not restricted in his recovery to the value of the trees for lumber, or other like uses.—(188)

4.  **Damages—Evidence—**In an action for the destruction of growing trees, evidence that they were as valuable for timber after, as before, the fire which destroyed them, is irrelevant. —(188)

*Appeal from El Paso District Court* — Hon. Lewis W. Cunningham, Judge.

Messrs. Lunt, Brooks & Willcox, for appellant.

Mr. J. F. Sanford, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The plaintiff, alleging that she was the owner and in possession of certain land in El Paso county, and that sparks from one of the defendant's locomotives started a fire on defendant's right of way which spread to her land, and consumed, burned, killed and destroyed a large amount of timber growing on said land, claimed damages in her complaint in the sum of five hundred dollars. The trial resulted in a verdict and judgment against the defendant in the sum of one hundred and fifty dollars, from which judgment an appeal was taken to the court of appeals.

The assignments mainly relied on are:

1.   That no title was shown in plaintiff at the time of the fire.

2.   The plaintiff proved no title at the date of the fire to the land burned over, entitling her to recover damages for the destruction of any timber thereon.

3.   That the court erred in refusing to allow the defendant to show that the trees killed, but not consumed by fire, were as valuable for the purposes of timber, and for any purpose for which they might have been cut and removed from the land, immediately after the fire as they were before.

4.   That the court erred in refusing to instruct the jury that they should determine the value of the timber just before the fire, and the value, if any, just after the fire, and that the difference would be the amount of their verdict.

5.   That the court erred in refusing to instruct the jury that at the time of the fire, the plaintiff had not purchased the property from the government of the United States; that the only damages she could recover were the damages to her possession.

6. That the court erred in not instructing the jury as to the measure of damages.

No assignment of error based upon the insufficiency of the evidence, or upon the ground of excessive damages, is presented in the brief.

The plaintiff offered in evidence a patent of the United States dated August 29, 1902, conveying to the plaintiff the land described in the complaint. It recites that the claim of Lisle Harris to the land has been established and duly consummated, in conformity with the "Act to Secure Homesteads to Actual Settlers on the Public Domain." The statute requires five years' residence upon the land to entitle settlers to patent. It therefore follows that during a period of five years before August, 1902, the plaintiff had a claim to the land under the land laws. She says she settled upon the land in 1896, and that she had resided there since that time. The fire occurred in 1899, and we are of opinion that the patent itself is sufficient proof that at the time of the fire she had duly entered the land as a homestead, and her statement that she entered it in 1896 is sufficient proof that she had been a settler upon the land since that time. The title related back to the date of the homestead entry, and she had her action of trespass for any injury done in the meantime.—*St. Onge v. Day,* 11 Colo. 368.

No claim is made that the damages awarded are excessive. The plaintiff claimed no damages except for the trees consumed, burned, killed and destroyed, and the court limited the recovery to such damages. The defendant claimed that there was no value to the timber before the fire because of its inaccessible location, and the court, at the request of the defendant, confined the jury to a consideration of the value of the trees before the fire, and directed it to not consider the value, if any, at any other time or place,

or after the timber was cut, or in any other condition than as it stood before the fire. Whether this instruction is or is not correct, we do not determine; as it was given at the request of the defendant, and the plaintiff does not complain. We perceive no prejudicial error, therefore, in the refusal of the court to permit the defendant to show by plaintiff's witnesses that the trees killed, but not consumed, were as valuable for the purposes of timber, and for any purpose for which they might have been cut and removed from the land, immediately after the fire, as they were before. Counsel was not entitled to have the question submitted to the jury. It does not follow that because trees are burned no other damage accrues to the owner of the land than that of the lumber value of the trees. If such were the rule, then no damage would accrue to the owner of land if his young trees were wantonly destroyed, or if trees that were not suitable for use as lumber were destroyed. But such cannot be the law. Trees have other value than that of their value as lumber, and we perceive no prejudicial error in the ruling of the court.

The judgment will be affirmed.          *Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.