## No. 9001.

### SCOTT v. BUCHANAN ET AL.

1. PUBLIC LANDS—*Right of Entryman.* One who has made an entry of public lands has a possessory right, good against every one but the United States, extending to all improvements which are in law a parcel of the land, e. g., a building resting upon a foundation of stone embedded in the soil.

2. LAND PATENT—*Relation of.* A patent for lands relates to the date of the entry whereon it is founded. The patentee has an action for an injury to the property committed between the date of the entry, and the issue of the patent.

3. EVIDENCE—*Presumptions.* One who destroys the improvements upon land in the possession of another must, if he would justify his action, set forth his right by answer. No presumption will be indulged in his favor.

*Error to Logan District Court, Hon. H. P. Burke, Judge. Department.*

Mr. HENRY A. LINDSLEY, Mr. WALTER E. SCHWED, for plaintiffs in error.

Mr. S. E. NAUGLE, for defendants in error.

Opinion by Mr. Justice Teller:

THIS cause is here for the review of an order sustaining a demurrer to the complaint. Plaintiffs in error were plaintiffs below in an action for damages. The complaint alleged the facts necessary to show a valid homestead entry, by a son of plaintiffs, of government lands upon which there were valuable improvements built into said land; that said son having died, plaintiffs, as his sole heirs, took possession of said premises, placed further improvements thereon, and made a contract with two persons to work said land and improve it, said persons taking possession under said contract; that the day following such contract, the defendants entered upon said premises, and wantonly and maliciously tore down, wrecked and destroyed all of the said buildings, and other improvements, and carried away and converted to their own use the material thereof, to the damage of the plaintiffs in the sum of $3,500, etc. It was also alleged that the government, prior to said suit, issued to the plaintiffs a patent for said land.

The demurrer was general, it being urged that the complaint did not allege ownershiv of the improvements; and the sole question before us is as to the sufficiency of the complaint in that respect.

Plaintiffs in error contend that improvements on public land, at the time of its entry, become the property of the entryman, at least as against a stranger making no claim to such improvements; and, further, that the allegations showing plaintiffs' possession were sufficient to support the action.

We are of the opinion that the complaint stated a cause of action, both on the ground of ownership and on the fact of possession.

The entryman has from the first a possessory right good against every one except the United States. *Shiver v. United States*, 159 U. S. 491, 40 L. Ed. 231, 16 Sup. Ct. 54, 32 Cyc. 818. This, of course, includes everything which is classed as a part of the realty. The allegations of the complaint are that the buildings had stone foundations firmly

imbedded in the soil and made a part and parcel thereof; and that there were two wells and some fencing on said land. These improvements, at least, belonged to the property, and allegations of facts, from which ownership of the property appeared, alleged also, in effect, ownership of these improvements.

Defendants in error point out that, in several of the cases cited by plaintiffs in error to the point that a person acquiring land from the government takes such improvements as are thereon at the time of entry, the land had been *sold*. We fail to see, however, that one who accepts the government's offer to convey land to him, on the performance of prescribed conditions, has any less right to the improvements on the land, so long as he is complying with the conditions of the offer, than does one who accepts the government's offer to sell for cash.

Counsel for defendants in error contend that improvements may be removed, within a reasonable time, by the persons who placed them upon the land. That may be so, but there is here nothing to indicate that the defendants made claim to the improvements. The complaint charges them with having wantonly and maliciously destroyed the buildings, etc., with intent to injure the plaintiffs. If the defendants have grounds upon which to justify the carrying away of the materials, they should set the fact up in answer. No presumption to that effect will be indulged.

From the complaint it clearly appears that the improvements had been on the premises at least four years, and all that time in possession of plaintiffs or their son; and they, having possession, have a right of action against any one who disturbs such possession to their damage.

It is settled law that one who has obtained a patent for land entered by him has a title which relates back to his entry; and he may recover for injuries to the property between the date of entry and the issue of the patent. *M. & P. P. Ry. Co. v. Harris,* 45 Colo. 185, 101 Pac. 61, 132 Am. St. 140.

If it be considered that under the allegation of the com-

plaint that the parties employed to work on and improve the place were in actual possession, the plaintiffs having full title to the fee would then have action for injury to the reversion.

The complaint stated a cause of action, and the demurrer should have been overruled.

The judgment is accordingly reversed.

Mr. Justice White and Mr. Justice Scott concur.