## Ashurst v. Cooper's Administrators.

(Decided January 21, 1930.)

DENTON & PERKINS and M. L. JARVIS for appellant.

C. L. TARTER, JR., for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Rufe Ashurst brought this suit against J. S. Cooper to recover $3,313.96 as damages for trespass in entering plaintiff's mine and removing and selling a lot of coal therefrom. During the pendency of the action Cooper died, and the action was revived in the name of his administrators. A trial before a jury resulted in a verdict and judgment for defendants. On appeal the court held that, the case being one of innocent trespass, the measure of damages was the customary and usual royalty for mining privileges in the vicinity of the mine at the time of the trespass, and reversed the judgment on the ground that the trial court erroneously assumed that plaintiff was not entitled to recover if defendant made no profit out of the transaction. Ashurst v. Cooper's Adm'rs, 218 Ky. 459, 291 S. W. 730. On the second trial the jury again returned a verdict in favor of defendants, and plaintiff appeals.

Though the evidence as to the amount of coal taken from the mines by Cooper is somewhat indefinite, there can be no doubt that he did remove a quantity of coal from the mine. Appellant's evidence is to the effect that the usual and customary royalty on coal of like quality in the community and at the time of the trespass was from 3 cents a bushel to $1.05 a ton. C. I. Ross, the first witness for appellees, on being asked what would be the royalty under like conditions, said, "It would not be worth anything now." Later on he stated that the royalty would be worth nothing. Robert James, another witness for appellees, on being asked what would be the royalty on a mine of that kind in 1922, said, "I would not consider it worth more than one cent a bushel in a mine of that kind." Further on he stated that if coal were only from 14 to 16 inches thick, and a part of it 29 inches thick, he did not think it would be worth over half a cent a bushel. Minot Hughes, on being asked what the royalty was on coal like the Cooper mine ranging from 14 to 16 inches in thickness, and a part of it 29 inches thick, answered, "I could not operate it at any profit." Later on he stated that the royalty would be worth nothing. V. D. Roberts testified that if most of the coal was only from 14 to 16 inches thick, and a small portion of it 29 inches thick, "it would be worth nearer nothing than 10 cents a ton."

The court instructed the jury as follows: "You will find for the plaintiff Ashurst and award him what you

may believe from the evidence was the reasonable value, if any of the royalty on the amount of coal you may believe from the evidence was taken from the mines in controversy by J. S. Cooper and his employees based upon what was the usual and customary value of such royalty under like circumstances where such mines were located, but not exceeding the sum of $3,313.96 the amount sued for; but if you shall believe from the evidence that said coal taken by said Cooper and his employees had no such royalty value, then you should find for the defendant.'' The evidence tends to show that the royalty on coal at the time of the trespass was higher than at the time of the trial. Therefore the time played an important part in the case. It will be observed that the case was again tried on the theory as to what the coal ''would be worth,'' rather than on evidence as to the usual and customary royalty in the vicinity of the mine at the time of the trespass. Also it will be observed that the instruction did not limit the inquiry to the time of the trespass. In the circumstances this was error, and on another trial the court will confine the evidence to the time of the trespass and instruct the jury accordingly. It will also omit from the instruction the words, ''if any,'' and also the following words: ''But if you shall believe from the evidence that said coal taken by said Cooper and his employees had no such royalty value, then you should find for the defendant.''

Judgment reversed, and cause remanded for a new trial consistent with this opinion.