Mr. Justice Moore
delivered the opinion of the Court.
We will refer to plaintiff in error as plaintiff and to defendant in error as the city.
The prayer of the complaint filed by plaintiff was for judgment invalidating an assessment for a special improvement tax levied by the city. In the complaint plaintiff alleged several failures on the part of the city to comply with the law governing the adoption of the ordinance which was attacked. However, at the commencement of the trial all issues were eliminated by stipulation, except two, viz:
(1) Whether the street in front of the property owned by plaintiff, known as Cherokee Circle, was ever dedicated to public use in such manner as to make it a public street which could be included in a special improvement district; and (2) whether the assessment for special improvements as to plaintiff’s property was reasonable and conferred a special benefit upon the property.
With reference to the first issue above stated the trial court found, inter alia:
“ (4) That the evidence shows by Plaintiff’s Exhibit A, which is a duplicate of the plat of McKinley’s Second Filing, that Cherokee Circle is a dedicated public right-of-way as a street, and that South Cherokee Street, which lies at the bottom of the lots as indicated on the plat, is not included in the plat.”
*482 In connection with issue number (2) above stated, the trial court found:
“(2) That by virtue of the provisions of Chapter 89, Article 2, Section 18, Colorado Revised Statutes as amended, the passage of an ordinance of assessment for such improvements shall be prima facie evidence of the fact that the property assessed for such improvements is benefited in the amount of the assessments, and that such assessments have been lawfully levied. That the burden is upon the Plaintiff under said statute to overcome this presumption.
“(3) That the Plaintiff has failed to sustain the allegations of the complaint as set out in the paragraphs referred to hereinabove and Plaintiff’s evidence is insufficient to overcome the statutory presumption that the property described as Lots 1 to 5, Block 2, McKinley’s Subdivision, Second Filing, located in the City of Englewood, Arapahoe County, Colorado, included in paving district No. 11 of said City is benefited by the special improvement of said paving district in the amount of the assessments.”
The above conclusions of the trial court are abundantly sustained by the record.
The judgment is affirmed.