No. 20584.

Elizabeth D. Hall *v*. Brannan Sand and Gravel Company.

(405 P.2d 749)

Decided September 20, 1965.

William R. Young, for plaintiff in error.

Dawson, Nagel, Sherman and Howard, Raymond J. Turner, for defendant in error.

*In Department.*

Opinion by Mr. Justice Frantz.

Hall instituted this action against the Brannan Sand and Gravel Corporation, hereinafter referred to as Brannan.

In her amended complaint, Hall alleged that Brannan trespassed upon her land and removed therefrom "divers quantities of sand, gravel and valuable earths." Hall prayed for damages in the amount of $10,000.

In its answer Brannan admitted that it removed sand and gravel from certain real property situate in Arapahoe County lying north and west of the South Platte River in the NE ¼ of the NE ¼ of Section 8, Township 5 South, Range 68 West of the 6th P.M., but denied that Hall was the owner of the land in question. Brannan alleged that removal of the sand and gravel was performed under written contract with one Rose L. Weeks; that Rose L. Weeks was the record owner of the land in question; and that the removal did not constitute a trespass.

Both parties filed motions for summary judgment and in support thereof entered into a stipulation of facts. The trial court granted Brannan's motion and denied Hall's motion, holding as a matter of law that Rose L. Weeks and not Hall was the owner of the land in question. The court dispensed with the necessity of a motion for a new trial and from the judgment entered, Hall prosecutes this writ of error.

The stipulated facts relating to the chains of title of Weeks and Hall are as follows:

(1) Weeks claims title to the disputed tract through mesne conveyances from one Otis Hardenburg, to whom the following land was conveyed by Anna Brown and Joseph M. Brown by warranty deed dated and recorded in 1874:

"All that certain part or portion of Northeast quarter of the Northeast quarter of section number Eight in township five south of range sixty-eight west, which is on the Northwest side of the present channel of the South Platte River, containing about ten acres of land more or less."

(2) Hall claims title to the disputed tract through mesne conveyances from one S. Ella Brown, to whom the following land was conveyed by Anna Brown by warranty deed dated in 1902 and recorded in 1905:

"All that part of the NE ¼ of the NE ¼ of Section 8, Tp. 5 S, R. 68 West of the sixth principal meridian, lying on the east side of the Platte River."

It was further stipulated that the present course of

the South Platte River is such that the disputed tract now lies north and west of the river. The critical question that the trial court was called upon to decide was whether the doctrine of accretion and reliction applied, and if it so held as a matter of law, then Brannan was to prevail under the joint motions for summary judgment. The trial court resolved this issue in favor of Brannan. It was correct in so doing.

In *Smith v. Town of Fowler*, 138 Colo. 359, 333 P.2d 1034, this Court stated that "* * * the proprietor of lands bounded upon a non-navigable stream is benefited, or his holdings impaired, by changes in the course of the stream occurring gradually over a period of time * * *." This is in accord with the general rule. See 11 C.J.S. *Boundaries*, Sec. 34; 56 Am. Jur. *Waters*, Sec. 477.

It is noted that there is not one word among the stipulated facts to suggest whether the change in the course of the South Platte River occurred gradually. By the stipulation the trial court was informed only that the disputed tract now lies north and west of the river. In the absence of evidence of the manner in which the change took place, we resort to the presumption "that if any change occurred at all it was by accretion, and not by a sudden and violent force * * *." *Wyckoff v. Mayfield*, 130 Ore. 687, 280 Pac. 340; see *McCafferty v. Young*, 144 Mont. 385, 397 P.2d 96. The summary judgment entered by the trial court is sustainable by reason of this presumption.

It is further contended that the trial court ignored the words "present channel" in the deed under which Weeks claims title and that these words, together with the description of the land conveyed as "containing about ten acres of land more or less," clearly indicate that the grantors intended that the grantee should not have the benefit of accretion and reliction. We disagree and hold, as did the trial court, that these words do not so qualify or limit the grant as to deny to the grantee the right of accretion and reliction. These words are descriptive only

and tie the boundary of the tract conveyed to the "thread of the stream" as it existed at the time of the deed. These words are insufficient to compel the conclusion that the grantors intended to reserve the right of accretion and reliction.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY concur.