**Claire L. KROULIK, Executor of the Estate of Charles W. Kroulik, and Claire L. Kroulik, Plaintiffs-Appellees and Cross-Appellants.**

**v.**

**Raymond F. KNUPPEL, Jr., and Burnett Construction Company, Defendants-Appellants and Cross-Appellees.**

**No. 81CA0001.**

Colorado Court of Appeals, Div. I.

Sept. 10, 1981.

Douglas S. Walker, Durango, for plaintiffs-appellees and cross-appellants.

McDaniel & McDaniel, L. W. McDaniel, Durango, for defendants-appellants and cross-appellees.

KIRSHBAUM, Judge.

Defendants, Raymond F. Knuppel, Jr. and Burnett Construction Co. (Burnett), appeal from a judgment entered by the trial court granting title to plaintiffs, Charles W. Kroulik and Claire L. Kroulik, and plaintiffs cross-appeal the trial court's award of damages and assessment of costs. We modify the trial court's judgment in part and, as modified, affirm.

In 1944, plaintiffs acquired certain real property described by the conveyance as located east of the east bank of the Animas River. In 1973, Knuppel acquired property adjacent to plaintiffs' land by a deed which described his property as lying west of the east bank of the Animas River. Knuppel's deed contained courses and distances locating the east bank of the Animas River, which description placed the boundary between the parties' properties on the east side of the gravel bar in question and within the described boundaries of Knuppel's property. Thus, Knuppel became the record owner of the disputed property in 1973.

Knuppel leased the gravel bar to Burnett in 1976, and Burnett conducted gravel mining operations there until 1977. Plaintiffs instituted this action in 1977. The complaint alleged, inter alia, that plaintiffs owned the disputed land and that defendants "have mined and removed minerals from plaintiffs' property without plaintiffs' permission and without accounting and paying for the value of the minerals." The prayer for relief sought damages from both defendants caused by unauthorized removal of gravel and destruction of property.

The trial court concluded that plaintiffs had acquired title to the property by adverse possession and by the doctrine of accretion, and that defendants had damaged plaintiffs' property by removing gravel and by destroying certain vegetation, including a 73-year old pine tree. Defendants were ordered to render an accounting of the gravel removed from the property, and the parties subsequently stipulated as to the amount of gravel removed and the royalty payments received by Knuppel from Burnett.

At the commencement of the hearing on damages, the trial court ruled that the amount of royalties received by Knuppel was the proper measure of damages. Plaintiffs then made an offer of proof of evidence to support their theory that they were entitled to an award of damages based on the value of the gravel extracted less the extraction costs. The trial court entered judgment for plaintiffs in the amount of $14,189.54 for the gravel extraction, $1,500 for destruction of the pine tree, $10 for damage to real property, and costs of $114.35.

## I. DEFENDANTS' APPEAL

Defendants first contend that the evidence does not support the conclusion that plaintiffs actually occupied the disputed property for eighteen years. We disagree.

A party asserting title to property by adverse possession must prove actual possession of the property during the statutory prescriptive period. *Segelke v. Atkins*, 144 Colo. 558, 357 P.2d 636 (1960); *see* § 38–41–101, C.R.S.1973. Actual possession is established when the property is used in a manner commensurate with its particular characteristics. *See Anderson v. Cold Spring Tungsten, Inc.*, 170 Colo. 7, 458 P.2d 756 (1969).

Charles Kroulik testified at trial that he had always considered the east bank of the Animas River to be at the west end of the gravel bar; that since 1944 he had procured sand and gravel from that bar for his own use; that he had leased the property to others, including Burnett, for gravel operations; and that he had often fished from the edge of the gravel bar. These indicia of occupation, when considered together, provide a sufficient basis for the trial court's conclusion that plaintiffs satisfied their burden of establishing ownership of the disputed property by adverse possession. *See Anderson v. Cold Spring Tungsten, Inc., supra; Riggs v. McMurtry*, 157 Colo. 33, 400 P.2d 916 (1965).

■ There is no merit to defendants' contention that the evidence does not support the trial court's conclusion that plaintiffs are entitled to ownership of the disputed property pursuant to the doctrine of accretion. *See Hall v. Brannan Sand & Gravel Co.*, 158 Colo. 201, 405 P.2d 749 (1965); *Smith v. Town of Fowler*, 138 Colo. 359, 333 P.2d 1034 (1959).

Defendants also contend that the trial court erred in awarding damages for the destruction of the pine tree on the basis of the aesthetic value of the tree. We agree in part, and modify the damages awarded for the loss of the tree.

■ Damage to growing trees is generally measured by the diminution in the market value of the real property. *Zwick v. Simpson*, 193 Colo. 36, 572 P.2d 133 (1977); *see Bobrick v. Taylor*, 171 Colo. 375, 467 P.2d 822 (1970). However, aesthetic value may be considered in establishing the replacement cost of certain unique property. *See Rector, Warden and Vestry of St. Christopher's Episcopal Church v. C. S. McCrossan, Inc.*, 306 Minn. 143, 235 N.W.2d 609 (1975); *Huber v. Serpico*, 71 N.J.Super. 329, 176 A.2d 805 (1962). Nor is the only value of a growing tree its value as potential lumber. *See, e. g., Manitou & Pike's Peak Ry. v. Harris*, 45 Colo. 185, 101 P. 61 (1909).

■ The tree here involved was a 50-foot-tall pine tree located on a promontory overlooking the river. No other trees of that size were visible in that locale. Several witnesses testified with respect to the particular grace, majesty and beauty of this isolated tree in that setting. We conclude that the trial court did not commit error here by considering aesthetic value to determine the amount of damages to which plaintiffs were entitled as a result of the defendants' uprooting of the pine tree.

■ However, the only evidence of the value of the tree introduced at trial was the uncontroverted testimony of an expert witness who valued the pine at $8.40 for lumber and $229.63 for aesthetic value. There is no evidence to support the trial court's award of $1,500 as damages for the destruction of the pine tree. Findings not supported by any evidence cannot stand on appeal. *Rohs v. Hickan*, 473 P.2d 732 (Colo. App.1970). As the only evidence offered respecting the pine tree's value was not contradicted, and as we affirm the trial court's conclusion that plaintiffs are entitled to damages for the loss of the tree, the judgment shall be modified to reflect damages of $238.03 for such loss.

## II. PLAINTIFFS' CROSS–APPEAL

Plaintiffs assert that the trial court erred in ruling that the royalties received by Knuppel constituted the proper measure of damages. We disagree.

■ When a non-willful trespasser appropriates minerals, the measure of damages is the value of the minerals in place. *Liberty Bell Gold Mining Co. v. Moorhead Mining & Milling Co.*, 58 Colo. 308, 145 P. 686 (1915); *see, generally, C.J.I.* 18:2 (2d ed. 1980). Such value may be calculated by ascertaining the amount of royalties the landowner would receive or could have received from the trespassing appropriator. *See Colorado Central Consolidated Mining Co. v. Turck*, 70 F. 294 (8th Cir. 1895); *Ashurst v. Cooper's Administrators*, 232 Ky. 498, 23 S.W.2d 916 (1930); *C. McCormick, Damages* § 126 (1935). Use of a royalty-based valuation permits the landowner to recover the amount the landowner would have realized by contracting for removal of the minerals, without unduly penalizing the merely negligent trespasser. However, this damages measure permits the extractor to retain the profit, if any, realized from the mining venture.

■ Another means for determining the value of the minerals in place—calculation of the value at the surface less the direct costs of extracting them—does not allow the excavator to retain profits. This measure of value has been employed in trespasser cases. *United Coal Co. v. Canon City Coal Co.*, 24 Colo. 116, 48 P. 1045 (1897); *St. Clair v. Cash Gold Mining & Milling Co.*, 9 Colo.App. 235, 47 P. 466 (1896). Further-

more, a willful or intentional trespasser may be required to recompense the landowner for the value of the minerals at the surface without deductions for extraction costs. *United Coal Co. v. Canon City Coal Co., supra.*

Here, the trial court concluded that defendants were not willful trespassers. The evidence supports that conclusion; hence, it will not be disturbed on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970). Knuppel had leased the property to Burnett and had received royalties for such mining venture. *See Colorado Central Consolidated Mining Co. v. Turck, supra.* In addition, plaintiffs' offer of proof contained no evidence of extraction costs and sought to value the gravel in place by showing what sums Burnett received from a single third party for most of the removed gravel. Plaintiffs at no time attempted to mine the gravel pit, and had themselves previously obtained royalty payments pursuant to a mineral lease. Under all the circumstances of this case, we find no error in the trial court's conclusion that the royalty payments received by Knuppel constituted the appropriate measure of plaintiffs' damages.

Plaintiffs also argue that the trial court should have awarded them costs for obtaining certain surveys and photographs for purposes of trial. However, plaintiffs have cited no express statutory authority for the award of these items as costs, and we find no error in the trial court's ruling. *See McNeill v. Allen*, 35 Colo.App. 317, 534 P.2d 813 (1975); *see also Overton v. Blake*, 274 Ore. 91, 544 P.2d 1037 (1976); *Mader v. Stephenson*, 481 P.2d 664 (Wyo.1971).

The judgment of the trial court is modified to reflect the sum of $238.03 as the damage to which plaintiffs are entitled for the loss of the pine tree, and, as modified, the judgment is affirmed.

COYTE and STERNBERG, JJ., concur.