**CRESTED BUTTE SOUTH METROPOLITAN DISTRICT, Plaintiff–Appellee,**

v.

**Thomas DYKE Defendant–Appellant.**

**No. 87CA0546.**

Colorado Court of Appeals,
Div. V.

Aug. 18, 1988.

Roderick Landwehr, Gunnison, for plaintiff-appellee.

Ranous, Stern & Patrick, P.C., J. Steven Partick, David M. Barton, Gunnison, for defendant-appellant.

FISCHBACH, Judge.

Defendant, Thomas Dyke, appeals a summary judgment entered in favor of plaintiff, Crested Butte South Metropolitan District (District), in its lien foreclosure action against Dyke for unpaid availability of services fees. We affirm.

The District is a special district formed to provide municipal water and sanitary sewer services and to construct and improve publicly dedicated roadways. The District, by resolution, assessed availability of service charges upon vacant lots to which water or sewer services are available, including defendant's. All of defendant's lots are within 100 feet of an existing sewer line, but two of the lots have no road access.

Dyke refused to pay the assessed fees, claiming that because no water lines or roads were provided to the two properties, there was no availability of services and no resultant benefit to his properties. Dyke also claimed that the District had failed in its responsibility to construct the roads to the two inaccessible lots and that without access he could not complete his development. The District filed a lien and the foreclosure action followed.

The case was submitted on stipulated facts and the trial court entered summary judgment in favor of the District. This appeal followed.

Special districts are, by statute, empowered to assess availability of service fees. Section 32-1-1006(1)(h)(I) C.R.S. (1987 Cum.Supp.), in pertinent part, provides:

"(D) Availability of service or facilities charges shall be assessed only where water, sewer, or both water and sewer lines are installed and ready for connection within one hundred feet of any property line of the residential lot or residential lot equivalent to be assessed, but to one or both of which line or lines the particular lot or lot equivalent to be assessed is not connected.

"(E) Availability of service or facilities charges shall be a percentage, not to exceed fifty percent, of the fees, rates, tolls, or charges for use of services or facilities of such district, said percentage to be determined by the board. If the fees, rates, tolls, or charges for the use of services or facilities vary dependent upon quantities of usage, the availability of service or facilities charges shall be a percentage, not to exceed fifty percent, of the average usage derived by dividing the total usage quantity for such district for the last preceding fiscal year by the total number of users in such district, said percentage to be determined by the board...."

■ Dyke contends that the trial court erred in refusing to relieve him from payment. He argues correctly that a special assessment will not lie against property unless the improvement creates a special benefit or enhances the value of that property in an amount at least equal to the burden imposed. *Satter v. City of Littleton,* 185 Colo. 90, 522 P.2d 95 (1974); *Town of Ft. Lupton v. Union Pacific R.R. Co.,* 156 Colo. 352, 399 P.2d 248 (1965). Although he agrees that all of his lots are within 100 feet of a sewer line, Dyke asserts that because there are no roads or water lines to two of his properties, he receives no special benefit for which he should be assessed charges.

■ The trial court found that Dyke did receive an actual benefit. In its order, the trial court stated that the statute "reflects a clear legislative determination that any lot ... located within 100 feet of existing lines does, in fact, receive a benefit in proportion to assessments charged." The trial court found that even though Dyke's lots have no road access, the District's lines have been installed and are ready for connection within the required 100 feet and that, therefore, the properties may be assessed for charges.

■ We agree. By permitting assessment of charges only where lines are in-

stalled and ready for connection within 100 feet, the General Assembly has explicitly written the required benefit directly into the statute. The benefit, installed lines ready for connection within 100 feet of a lot, is a prerequisite for the assessment of fees. The process for calculation of fees, once the prerequisites have been met, is set forth in the statute. *See Valley Housing and Development Corp. v. Ridges Metropolitan District,* 753 P.2d 801 (Colo.App. 1988).

■ This statutory presumption that the benefit received by the installation of these water or sewer lines equals or exceeds the assessment has not been overcome by defendant. *See Heron v. City of Englewood,* 155 Colo. 480, 395 P.2d 356 (1964). Defendant presented no competent evidence that the value of his property was not enhanced at least to an amount equal to the assessment. Nor does the record contain other evidence showing that defendant's properties did not benefit accordingly despite the absence of access roads or water lines. *See Reams v. City of Grand Junction,* 676 P.2d 1189 (Colo.1984).

■ We also reject defendant's contention that, according to the statute, fees cannot be assessed unless both water and sewer services are available within 100 feet. The statute is explicitly stated disjunctively such that the fees at issue are assessable if either service is proximately available.

Defendant's argument that he should not have to pay the fees because he cannot proceed with his cluster-home development is an extension of his special benefit argument, and for the reasons already stated, we disagree.

Judgment affirmed.

VAN CISE and PLANK, JJ., concur.