CRESTED BUTTE SOUTH METROPOL-
ITAN DISTRICT, Plaintiff–Appellee,

v.

Frank S. HOFFMAN and Robert A.
Caliendo, Defendants–Appellants.

No. 89SA222.

Supreme Court of Colorado,
En Banc.

April 23, 1990.

Lorenzen & Ipson, R. Kyle Ipson and Roderick E. Landwehr, Gunnison, for plaintiff-appellee.

Paul W. Puckett, Wheat Ridge, for defendants-appellants.

Justice VOLLACK delivered the Opinion of the Court.

Two landowners, Frank S. Hoffman and Robert A. Caliendo (landowners), appeal[1] the district court's ruling that the Crested Butte South Metropolitan District (District) properly assessed "availability of service or facilities" charges (ASF fees) against them, and the court's award of attorney fees in favor of the District. We affirm.

I.

This appeal concerns a dispute between the landowners and the District over the validity of certain fees the District assessed against the landowners' properties for water and sewer services that were available, but not connected, to the properties.[2] The parties do not dispute the facts.

1. The court of appeals, to which the landowners appealed, certified the case to this court pursuant to § 13–4–109, 6A C.R.S. (1987). We accepted jurisdiction pursuant to § 13–4–110, 6A C.R.S. (1987).

2. A metropolitan district providing water and sewer service may assess "availability of service or facilities" fees against property within a certain distance from the district's water or sewer lines that are installed and ready for connection

In April 1979, the Board of Directors of the District voted to begin assessing ASF fees against eligible properties. On June 1, 1979, the District began assessing ASF fees against properties located within 400 feet of the District's water and sewer lines. The District subsequently assessed ASF fees against each of the landowners' properties, which are within the District's boundaries.[3]

In April and May 1987, the District filed separate lawsuits against appellants Frank S. Hoffman and Robert A. Caliendo to collect delinquent ASF fees. Both cases were consolidated by agreement of the parties and set for trial. The parties stipulated to the facts, and submitted briefs and arguments to the court. The parties' stipulation to the facts stated in relevant part:

1. That [the District] is a duly organized metropolitan district pursuant to the laws of the State of Colorado. The District was organized in 1976, pursuant to the laws governing said districts, as they existed at the time of organization. At all times pertinent hereto, the District has been in existence.

2. That Robert Caliendo is the owner of Lots 9 and 10, Block 18, Crested Butte South, Third Filing, Gunnison County, Colorado.

3. That Frank Hoffman is the record owner of the following described lots in Crested Butte South, Gunnison, County....

4. That the properties owned by each of the defendants and described above are all within the jurisdictional limits of the District.

5. That [the District] began assessing [ASF fees] on June 1, 1979, pursuant to the provisions of the resolution of the board of directors dated April 24, 1979....

....

13. That since the original imposition of [ASF fees], the District has extended the water lines and sewer lines of the District beyond the areas originally served. For extensions which were completed prior to July 1, 1981, lots within 400 feet of the extended line have been charged the [ASF fees]. For extensions that were completed after July 1, 1981, the District has charged [ASF fees] to lots within 100 feet of the extended lines. The Hoffman and Caliendo lots include lots that are less than 400 feet but more than 100 feet from existing water and sewer lines....

14. That the District has added new properties, subject to the [ASF fees]....

....

16. That the amount due to the District, if at all, is stipulated to be as follows through December 31, 1987, exclusive of collection costs:

A. Caliendo lots—$834.12

B. Hoffman lots—$9,796.01

The district court ruled that the ASF fees properly were charged to the landowners and entered judgment for the District. Judgment against Hoffman was in the amount of $9,796.01, plus attorney fees; judgment against Caliendo was in the amount of $834.12, plus attorney fees.

## II.

In 1981, the Colorado legislature significantly modified the statutes governing special districts, including metropolitan districts. The legislature repealed the 1947 Metropolitan Districts Act, Article 3, Title 32, under which the District was formed and empowered, and enacted the Special District Act ("the 1981 act"). 1981 Colo. Sess.Laws 1628, 1542–1649. The 1981 act, *inter alia*, standardized the methods by which special districts could assess ASF fees for water and sewer services.

---

to the property but are not connected. *See* §§ 32–3–115(2) and 32–4–113(1)(*l*)(IV), 13 C.R.S. (1973) (repealed 1981). The District was formed in 1976 to provide municipal water and sewer services and to construct and improve public roadways. *Crested Butte S. Metro. Dist. v. Dyke,* 768 P.2d 1248, 1249 (Colo.App.1988).

3. The record does not indicate during what time period the District assessed the disputed ASF fees against the landowners. However, the landowners filed an affidavit with the trial court asserting that the District had "unlawfully" collected ASF fees since November 1982.

In particular, the 1981 act provided that metropolitan districts and water and sanitation districts could only assess ASF charges for water and/or sewer service lines against non-connected property within 100 feet of the service lines. §§ 32–1–1004(3) and 32–1–1006(1)(h)(I)(D), 13 C.R.S. (Supp.1989). However, the 1981 act provided for a "grandfather clause" that exempted metropolitan district assessments from the act so long as the assessments occurred prior to July 1, 1981, and were pledged to pay outstanding bonds. § 32–1–1006(1)(h)(II). Under the 1981 act, assessments that were assessed before July 1, 1981, and that were pledged to pay outstanding bonds could continue to be collected. *Id.*

The landowners argue that the District's assessments of ASF fees against them were invalid because the District does not qualify for the grandfather clause and it has not complied with the 1981 act governing ASF fee assessments. We hold that the grandfather clause applies to the District's continued collection of its pre-July 1, 1981, ASF fee assessments.

### A.

The grandfather clause provides as follows:

Notwithstanding the provisions of this paragraph (h), any metropolitan district providing water or sanitation or water and sanitation services which, prior to July 1, 1981, has imposed an [ASF fee] ... and has pledged such availability of service charges to the payment of outstanding bonds may continue such charge until such bonds are retired.

§ 32–1–1006(1)(h)(II). The grandfather clause imposes three conditions before a metropolitan district may qualify for exemption from the 1981 act's new provisions governing ASF fees. First, the district, which has been providing water and/or sanitation services, must have imposed ASF fees prior to July 1, 1981. Second, the district must have outstanding bonds. Finally, the district must have pledged to the payment of the outstanding bonds the ASF

fees it began collecting prior to July 1, 1981, and is continuing to collect.

After a district has satisfied the grandfather clause's three conditions, the district is permitted to continue collecting the ASF fees it had begun collecting prior to July 1, 1981.

### B.

The issue before this court is whether the District has satisfied the grandfather clause's three requirements. The landowners acknowledge that the District has been providing water and sewer services within 400 feet of their properties, and that the District properly has assessed ASF fees prior to the 1981 act's enactment. The landowners argue, however, that the District has failed to demonstrate that it is burdened with outstanding bonds and that it has pledged to the payment of outstanding bonds those ASF fees it imposed prior to July 1, 1981, and is continuing to collect. The landowners also argue that because the District is not exempt from the 1981 act, its failure to comply with the 1981 act's provisions governing ASF fees invalidates the fees assessed against the landowners after July 1, 1981. We disagree.

■ It is well established that courts presume the validity and regularity of official acts of public officials and entities. *E.g., City of Colorado Springs v. District Court,* 184 Colo. 177, 181, 519 P.2d 325, 327 (1974). Furthermore, courts presume that public officials discharge their duties properly and in compliance with the law. *Town of Frisco v. Brower,* 171 Colo. 441, 446, 467 P.2d 801, 803 (1970).

■ In this case, if the District intended to continue collecting ASF fees not conforming to the amended statutes, it was required to pledge the fees to pay outstanding bonds. Although the parties did not stipulate that the District was burdened with outstanding bonds or that the ASF fees properly were pledged, we presume the existence of these facts since the District continued to assess ASF fees under the provisions of the grandfather clause. Nothing in the record rebuts the presump-

tion, and the trial court's ruling indicates that it found that the District had pledged the ASF fees.

■ The landowners argue that it is improper to apply presumptions when a case is submitted to the court on stipulated facts, and that such cases must be decided solely on the stipulated facts. We disagree. A stipulation of facts does not affect the application of presumptions, which are provided for by statutes and common law. *See, e.g., Hall v. Brannan Sand and Gravel Co.*, 158 Colo. 201, 204, 405 P.2d 749, 750 (1965) (applying presumption on appeal even though parties stipulated to facts at trial); *Crested Butte S. Metro. Dist. v. Dyke*, 768 P.2d 1248, 1249, 1250 (same).

Because the District qualified for the provisions of the grandfather clause, it was entitled to continue collecting the ASF fees it had imposed on the landowners prior to July 1, 1981.

## III.

■ The landowners next argue that the trial court violated their fourteenth amendment right to equal protection of the laws by assessing attorney fees against them as provided for in subsection 31–35–402(1)(f), 12B C.R.S. (1986).[4] The landowners argue that the statute violates equal protection of the laws because it permits metropolitan districts successfully suing for delinquent ASF fees to collect reasonable attorney fees from property owners; yet the statute does not grant property owners a reciprocal right to collect attorney fees if they prevail. We hold that the statute does not deprive the landowners of equal protection of the laws.[5]

This court previously has held that, to determine whether a statute providing for a nonreciprocal award of attorney fees comports with the equal protection clause, the proper test is whether the statute has a rational basis and is reasonably related to a legitimate governmental purpose. *Heninger v. Charnes*, 200 Colo. 194, 613 P.2d 884, 886 (1980). The parties do not dispute that this is the proper test.

The District asserts two interests of the state which justify the statute's nonreciprocal award of attorney fees. First, if the District were required to pay its own attorney fees even though it justifiably brought suit to collect delinquent ASF fees, the District's ability to pay for its water, sewer and other service facilities provided to the District's members would be jeopardized because ASF fees are used to pay outstanding bonds that financed the facilities. Second, without the nonreciprocal attorney fees provision, the District would be unduly burdened financially in collecting small amounts of delinquent ASF fees.

We believe that the state interests asserted by the District are legitimate, and we have held that similar state interests are legitimate. *See, e.g., Torres v. Portillos*, 638 P.2d 274, 277 (Colo.1981) (legitimate state interests for nonreciprocal attorney fee provision in a statute governing return of tenants' security deposits included insulating award of damages to plaintiffs from being substantially depleted by attorney fees). The legitimacy of the District's second asserted state interest is illustrated in this case, where the District expended $1,548 in attorney fees to collect $834.12 in delinquent ASF fees.[6]

---

**4.** Subsection 31–35–402(1)(f) provides that metropolitan districts may collect from any property owner reasonable attorney fees and "other costs" of collecting standby fees assessed against the owner's property.

**5.** The appellants have standing to assert their equal protection claim even though it is not certain that the relief requested will redress the claimed injury, that is, the appellants' financial loss caused by the adverse award of attorney fees. *See Orr v. Orr*, 440 U.S. 268, 271–72, 99 S.Ct. 1102, 1107–08, 59 L.Ed.2d 306 (1979) (even though divorced husband challenging statute

that authorized award of alimony only against husbands had not requested alimony, he had standing to raise equal protection argument; husband satisfied standing test because, if statute were held unconstitutional, legislature could remedy statute by denying alimony to both spouses, thereby relieving the husband of judgment of alimony against him).

**6.** The trial court entered judgment against the appellant Hoffman in the amount of $9,796.01, representing delinquent standby fees, and $1,105.00 in attorney fees.

While the landowners assert that "there is no rational relationship for a one-sided award of attorneys' fees," they provide no specific arguments indicating why the legislature's classification of metropolitan districts and property owners is not rationally related to the asserted state interests. On the contrary, the statute's classification, comprising those whom the District sues to collect delinquent fees, is rationally related to the statute's purpose of ensuring the District's ability to pay outstanding bonds and conserving its financial resources. The statute does not single out a class of property owners in an arbitrary and irrational manner. *Cf. Lindsey v. Normet*, 405 U.S. 56, 74–79, 92 S.Ct. 862, 874–77, 31 L.Ed.2d 36 (1972) (Oregon statute requiring tenants challenging eviction to post bond equaling twice the rent expected to accrue pending appeal, and requiring forfeiture of bond upon affirmance of lower court decision, held to have no rational basis because it irrationally erected "substantial barrier to appeal" facing no other Oregon civil litigant). The statute only brings within the classification property owners whose ASF or other service fees have not been paid, as determined presumably from district records and proven by the district in court. Thus, the statute's classification is rationally related to the state's legitimate purposes.

## IV.

We conclude that the trial court properly applied the grandfather clause to exempt the District's pre-July 1, 1981, ASF fee assessments, and that subsection 31–35–402(1)(f) does not violate the landowners' right to equal protection of the laws.

Judgment affirmed.

