**DURANGO WEST METROPOLITAN DISTRICT # 1, A Special Improvement District duly organized under the laws of Colorado, Plaintiff–Appellee,**

v.

**HKS JOINT VENTURE PARTNERSHIP, Defendant–Appellant.**

**No. 88CA1049.**

Colorado Court of Appeals,
Div. I.

May 17, 1990.

Frank J. Anesi, William F. Corwin, Durango, for plaintiff-appellee.

Dyer & Duncan, David L. Dickinson, Durango, for defendant-appellant.

Opinion by Judge JONES.

Defendant, HKS Joint Venture Partnership (HKS), appeals from a summary judgment entered against it and in favor of plaintiff, Durango West Metropolitan District # 1 (District). We affirm.

The District was organized as a metropolitan district on July 20, 1978, pursuant to § 32–3–101, et seq., C.R.S. (now repealed). It provides water and sewage services, for which it levies charges, including availability of service fees, against all property within its geographic jurisdiction.

In August 1978, a special election held by the District authorized the issuance of bonds for the provision of water and sewage systems. The District issued general obligation bonds in 1978 and 1979, totaling $1.025 million.

Pursuant to authority granted by statute, the District pledged its ad valorem taxes, as well as its water and sewage charges (including availability of service charges), to the repayment of the general obligation bonds. The bonds have not been repaid in full.

In October 1978, the District adopted a schedule of rates and charges to lots for which water and sewer connections had been made and were in use. Under this schedule, availability of service fees were equal to actual service charges for water and sewer service. Through subsequent amendments to the schedule, availability of service fees and service charges have remained equal.

In July 1984, HKS purchased 70 unimproved lots within the District. Since taking title to the lots it has asserted that the availability of service fees have been illegally assessed by the District. The previous owners of the lots had maintained the same position as to those fees but, in settling a lawsuit for collection of the fees, had paid them. Later, in October 1985, HKS paid $20,000 of assessed availability of service fees to the District.

In 1987, the District sued HKS to collect availability of service fees which HKS had failed to pay, totalling $67,181. In March 1988, the trial court granted summary judgment in favor of the District and against HKS, concluding that the District had properly assessed the fees.

### I.

Maintaining that the District does not possess the powers of a municipality as defined in § 31–35–401(4), C.R.S. (1986 Repl.Vol. 12B), HKS first contends that the trial court erred in allowing the District to proceed as a municipality. We disagree.

"Municipality" is defined in § 31–35–401(4) to include: "any quasi-municipal corporation formed principally to acquire, operate, and maintain water facilities or sewerage facilities or both." The record reflects that the District is well within this definition.

The 1978 and 1979 bonds were designated as "water and sewer bonds" and were specifically designated to finance water and sewage systems. Although the District exercises other functions in addition to water and sewer service, its principal function is to maintain the water and sewerage facilities.

Moreover, the definition of municipality contained in the predecessor to § 31–35–401(4), in effect at the time the District was organized, includes "any metropolitan district or sanitation district". *Perl–Mack Civic Ass'n v. Board of Directors*, 140 Colo. 371, 344 P.2d 685 (1959).

We conclude that the district falls within the definition of municipality and that it properly exercised its authority to assess availability of service charges pursuant to § 31–35–402(1)(f), C.R.S. (1986 Repl.Vol. 12B) which empowers the municipality to "prescribe, revise, and collect ... charges for the availability of service".

■ We further conclude that, in establishing the amount of the availability of service fees pursuant to § 31–35–402(1)(f), the District acted within the scope of authority provided by the statute.

In *Brownbriar Enterprises, Inc. v. Denver*, 177 Colo. 198, 493 P.2d 352 (1972), the Colorado Supreme Court acknowledged express statutory authority allowing a quasi-municipal district "to collect in advance charges for the direct or indirect connection with its facilities." Further, although in *City of Arvada v. City & County of Denver*, 663 P.2d 611 (Colo.1983), the court ruled that Denver could not assess development fees against Arvada pursuant to § 31–35–402(1)(f), it noted that:

"When read in the full context of Art. 35 of Title 31, C.R.S.1973 (Repl.Vol. 12), these provisions reveal that the General Assembly intended to give municipalities broad, general powers to construct, improve and extend all the facilities necessary to operate a viable water system, and that this power includes authorization to accumulate a fund for future development. There is no indication that municipalities are limited to the use of revenue bonds to finance future acquisition and construction."

Section 31–35–402(1)(f) grants the District unrestricted power to assess availability of service fees and, if it chooses, the power to pledge in part or in whole those funds for debt service of interest and principal reductions. There is nothing in the statute stating that the pledge of such revenues cannot be contained within general obligation bonds, as issued by the District.

## II.

■ HKS next contends that the District's availability of service charges exceed fifty percent of the regular service charges in violation of § 32–1–1006(1)(h)(I)(E), C.R.S. (1989 Cum.Supp.), and that the District does not meet the requirements for the statutory exception to this fifty percent limitation. We disagree.

In 1981, the General Assembly repealed the 1947 act under which the District was originally organized and enacted the Special District Act. Colo.Sess.Laws 1981, ch. 382–392 at 1542–1649 (now codified as § 32–1–101, et seq., C.R.S. (1989 Cum. Supp.)). The Special District Act significantly modified the statutes governing special districts, including metropolitan districts, *inter alia*, by standardizing the manner in which special districts could assess availability of service fees for water and sewer services.

However, the Special District Act established a "grandfather clause" exempting metropolitan district assessments from its terms so long as the assessments occurred · prior to July 1, 1981, and were pledged to pay outstanding bonds. Section 32–1–1006(1)(h)(II), C.R.S. (1989 Cum.Supp.).

Section 32–1–1006(1)(h)(II) provides as follows:

"Notwithstanding the provisions of this paragraph (h), any metropolitan district providing water or sanitation or water and sanitation services which, prior to July 1, 1981, has imposed an availability of service charge pursuant to section 31–35–402(1)(f), C.R.S., and has pledged such availability of service charges to the payment of outstanding bonds may continue such charge until the bonds are retired."

The intent of this exception is apparent. The General Assembly recognized the need to protect the long-term financial planning of special districts organized prior to July 1, 1981. As a matter of policy, bondholders are entitled to rely on representations made by a district when its bonds were issued and sold.

In *Crested Butte South Metropolitan District v. Hoffman*, 790 P.2d 327 (Colo. 1990), the Supreme Court held that, as to the collection of availability of service fees assessed prior to July 1, 1981, so long as the district has outstanding bonds, the fees collected are pledged to retirement of those

bonds, and collection of the fees continues for that purpose, the fees are exempted from the Special District Act.

Here, the availability of service charges assessed and charged by the District have been pledged to the repayment of its 1978 and 1979 water and sewer bonds. The revenues derived from these charges have been used and continue to be used for the purpose of paying any outstanding indebtedness as required by § 32–1–1006(1)(h)(II). Thus, we conclude that the statutory exception to the fifty percent limitation applies to the availability of service charges which are the subject of this appeal.

### III.

Finally, HKS contends that the trial court erred in awarding attorney fees to the District. We find the analysis on this issue in *Crested Butte South Metropolitan District v. Hoffman, supra,* controlling in our determination that the trial court did not err. Section 31–35–402(1)(f), C.R.S. (1986 Repl.Vol. 12B).

The remaining contentions of HKS are without merit.

We conclude that no genuine issues as to material facts remain in this case. Accordingly, the summary judgment is affirmed.

PIERCE and TURSI, JJ., concur.